UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **RICK L. BURNETT,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | **Case No. 05-CV-2047** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

On February 16, 2005, Petitioner, Rick L. Burnett, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) with a Memorandum in Support (#2). On May 13, 2005, the Government filed its Motion to Dismiss (#9). The Government argued that Petitioner's written waiver of his right to collateral attack, which was included in his plea agreement, bars his motion under 28 U.S.C. § 2255. The Government also argued, in the alternative, that Petitioner's claims of ineffective assistance of counsel are completely without merit. On May 13, 2005, Petitioner filed a Response to the Motion to Dismiss (#10). In addition, this court allowed Petitioner to file additional case authorities in support of his § 2255 Motion.

This court carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court entered an Opinion (#20) which granted the Government's Motion to Dismiss and dismissed Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1).

On November 9, 2005, Petitioner filed a Motion Requesting to Alter or Amend Judgment (#22). Petitioner again argues that his sentence of 71 months was more than the statutory maximum for his offense. Petitioner has also repeated other issues raised in his § 2255 Motion. This court has

carefully considered Petitioner's arguments.  This court again concludes that the sentence imposed was not above the maximum sentence which could be imposed by statute for Petitioner's 13 separate mail fraud offenses.  Accordingly, this court again concludes that Petitioner waived his right to challenge his sentence in his written plea agreement and his Motion under § 2255 was properly dismissed on that basis.  This court notes that the Seventh Circuit recently stated that "[w]e have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005).  Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion."  See Roberts, 429 F.3d at 724.  This court therefore concludes that Petitioner's § 2255 Motion was correctly dismissed.  See Roberts, 429 F.3d at 724.

IT IS THEREFORE ORDERED THAT Petitioner's Motion Requesting to Alter or Amend Judgment (#22) is DENIED.

ENTERED this 14th day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE